UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Robert Ball**, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **TeamCraft Roofing, Inc.**, | |
| Defendant. | |

Plaintiff, Robert Ball ("Plaintiff"), sues the Defendant, TeamCraft Roofing, Inc. (collectively, "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendant's failure to pay Plaintiff all earned minimum wages and all earned wages.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

-1-

4.      ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.      At all material times, Plaintiff is an individual residing in Hamilton County, Ohio, and is a former employee of Defendant.

8.      At all material times, Defendant TeamCraft Roofing, Inc. is a North Carolina corporation duly licensed to transact business in the State of Ohio.  At all material times, Defendant TeamCraft Roofing, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Hamilton County, Ohio.

9.      At all relevant times, Defendant TeamCraft Roofing, Inc. was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant TeamCraft

Roofing, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant TeamCraft Roofing, Inc. is subject to liability under the FLSA.

10.     At all material times, Defendant TeamCraft Roofing, Inc. is Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq.*

11.     At all material times, Defendant TeamCraft Roofing is Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq.*

12.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

13.     Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

14.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

15.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

16.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

17.     Defendant owns and/or operates as Defendant TeamCraft Roofing, Inc., an enterprise located in Hamilton County, Ohio, doing business as TeamCraft Roofing.

18.     Plaintiff was hired by Defendant and worked for Defendant from approximately August 2019 through approximately May 2020.

19.     At all relevant times, Plaintiff worked as "Roofer," performing non-exempt tasks, such as manual labor related to installation and repair of roofs.

20.     At all relevant times, between approximately, Defendant, in its sole discretion, agree to pay Plaintiff $16 per hour.

21.     During Plaintiff's final workweek with Defendant, he worked a single shift for approximately 11 hours.

22.     During that shift, Plaintiff worked at a job site near Dayton, Ohio.

23.     Despite having worked 11 hours for Defendant during his final workweek, Defendant compensated Plaintiff only $27.55.

24.     Because Plaintiff worked approximately 11 hours, Defendant should have compensated him at least $176 for such time worked at his regular hourly rate.

25.     Because Plaintiff worked approximately 11 hours, Defendant should have compensated him at least $79.75 for such time worked in order to cover their $7.25 hourly federal minimum wage obligations toward Plaintiff.

26.     Because Plaintiff worked approximately 11 hours, Defendant should have compensated him at least $95.70 for such time worked in order to cover their $8.70 hourly Ohio minimum wage obligations toward Plaintiff.

27.     As a result of Defendant's willful failure to compensate Plaintiff the applicable federal minimum wage, Defendant has violated 29 U.S.C. § 206(a).

28.     As a result of Defendant's willful failure to compensate Plaintiff the applicable Ohio minimum wage, Defendant has violated ORC § 4111.

29.     As a result of Defendant's willful failure to compensate Plaintiff at his regular rate of pay, Defendant has violated ORC § 4113.

30.     Defendant has and continues to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his employment.

31.     Defendant has and continues to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his employment.

32.     Defendant has and continues to violate the ORC § 4113 by not paying Plaintiff for all hours worked during his employment.

33.     Plaintiff is a covered employee within the meaning of the FLSA.

34.     Plaintiff is a covered employee within the meaning of ORC § 4111.

35.     Plaintiff is a covered employee within the meaning of ORC § 4113.

36.     At all relevant times, Plaintiff is a non-exempt employee.

37.     Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

38.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

39.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

40.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid

wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

41.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

42.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43.     Defendant willfully failed or refused to pay Plaintiff the applicable federal minimum wage for all of the hours that Plaintiff worked for Defendant.

44.     Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

45.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert Ball, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: OHIO REVISED CODE § 4111.01**
**FAILURE TO PAY MINIMUM WAGE**

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     Defendant willfully failed or refused to pay Plaintiff the applicable Ohio minimum wage for all of the hours that Plaintiff worked for Defendant.

48.     Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

49.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert Ball, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: OHIO REVISED CODE § 4113
## FAILURE TO PAY WAGES OWED

50.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

51.     Defendant willfully failed or refused to pay Plaintiff his regular rate of pay for all of the hours that Plaintiff worked for Defendant.

52.     Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

53.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Robert Ball, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of November, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com


THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com